# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE LOGAN,<br><br>            Plaintiff,<br><br>      vs.<br><br>A. LONIGRO, et al.,<br><br>            Defendants. | ) 1:13cv0002 LJO DLB PC<br>)<br>)<br>) ORDER DISMISSING COMPLAINT<br>) WITH LEAVE TO AMEND<br>)<br>) THIRTY-DAY DEADLINE<br>)<br>)<br>) |

Plaintiff Luke Logan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff filed this action on January 2, 2013.  He names Pleasant Valley State Prison ("PVSP") Chief Medical Executive A. Lonigro, PVSP Chief Medical Officer F. Igbinosa and PVSP doctors J. Dunlop and Taherpour.

**A.    LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at PVSP, where the events at issue occurred.

Plaintiff, who has degenerative disc disease, alleges that Defendants Lonigro, Igbinosa, Dunlop and Taherpour are "continuing a custom of CDCR Physicians denying Plaintiff adequate medical care sufficient to prevent the unnecessary and wanton infliction of pain." Compl. 3. He alleges that an "order" was issued through a Men's Advisory Council meeting on September 10, 2010. Subsequently, on September 30, 2010, per the instructions of Lonigro, Igbinosa and Dunlop, Dr. Taherpour discontinued Plaintiff's morphine and denied access to specialty medical care. Plaintiff contends that this was done for budgetary reasons. Dr. Taherpour replaced Plaintiff's morphine with Tylenol #3 and prescribed a Home Exercise Program. Plaintiff alleges that he was in a two-man cell, designed for one, and could not attempt to exercise to relieve the pain.

Plaintiff alleges a violation of the Eighth Amendment, certain sections of California Code of Regulations and various California statutes. He contends this resulted in daily fibromyalgia pain, insomnia, emotional distress and anxiety.

C.     **ANALYSIS**

   1.     Eighth Amendment

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective

recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's complaint is based Dr. Taherpour's replacement of morphine with Tylenol #3 and a home exercise program.  He believes that this was done pursuant to the orders of the other Defendants, who, according to his exhibits, implemented a Pain Management Committee to screen inmates on prescribed narcotics.[1]  Plaintiff fails, however, to provide *any* evidence that any Defendants acted with deliberate indifference.  At most, Plaintiff has shown that he disagrees with the treatment of his physician, and a difference of opinion is insufficient to establish an Eighth Amendment violation.

Plaintiff therefore fails to state an Eighth Amendment claim.

2.      Title 15 of the California Code of Regulations

Based on the same facts, Plaintiff also alleges violations of 15 Cal. Code Regs. §§ 3271, 3350 and 3354.

The Court is unaware of any authority for the proposition that there exists a private right of action available to Plaintiff for violation of Title 15 regulations and there exist ample district

---

[1] Although Plaintiff states that his medication change was due to budgetary reasons, the minutes of the September 10, 2010, meeting do not reference financial issues.

court decisions holding to the contrary.  E.g., Vasquez v. Tate, No. 1:10-cv-1876 JLT (PC), 2012 WL 6738167, at *9 (E. D. Cal. Dec. 28, 2012); Davis v. Powell, __ F.Supp.2d __, __, No. 10cv1891-CAB (RBB), 2012 WL 4754688, at *9 (S.D. Cal. Oct. 4, 2012); Meredith v. Overley, No. 1:12-cv-00455-MJS (PC), 2012 WL 3764029, at *4 (E.D. Cal. Aug. 29, 2012); Parra v. Hernandez, No. 08cv0191-H (CAB), 2009 WL 3818376, at *8 (S.D.Cal. Nov. 13, 2009); Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3, 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009).

Plaintiff therefore fails to state a claim under Title 15.

3. California Penal Code

Plaintiff also alleges violations of California Penal Code sections 147, 661, 2650, 2651 and 2652.  However, Plaintiff may not sue Defendants for violation of the Penal Code.  See Gonzaga University v. Doe, 536 U.S. 273, 283-86, 122 S.Ct. 2268 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); see also Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).

Plaintiff fails to state a claim under the California Penal Code.

4. California Government Code

Finally, Plaintiff alleges a violation of California Government Code section 3000, which states, "An officer forfeits his office upon conviction of designated crimes as specified in the Constitution and laws of the State."  As with the Penal Code, there is no private right of action under this section.

Plaintiff fails to state a claim under the California Government Code.

**D.      CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

////

////

IT IS SO ORDERED.

Dated: __**August 7, 2013**__                             /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE